UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHAWN C. BYRD,

    Plaintiff,

vs.

ANGEL SHIVERDECKER,

    Defendant.

Case No. 3:20-cv-136

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT BE DISMISSED; (2) SERVICE OF PROCESS NOT ISSUE: (3) THIS CASE BE TERMINATED ON THE DOCKET; AND (4) THE COURT CERTIFY THAT ANY APPEAL WOULD BE FRIVOLOUS AND NOT TAKEN IN GOOD FAITH AND, THEREFORE, THAT PLAINTIFF BE DENIED *IN FORMA PAUPERIS* STATUS ON ANY APPEAL**

---

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Shawn C. Byrd.  Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (doc. 1), which the Court granted.  The Court, however, held service of the complaint pending a review under § 1915(e)(2).  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

*Pro se* Plaintiff brings this civil rights action under 42 U.S.C. §1983 against Defendant Angel Shiverdecker -- an employee of the Darke County, Ohio Child Support Enforcement

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Agency ("Darke County CSEA") -- in her official capacity. Doc. 1-1. Plaintiff's allegations are sparse and conclusory. *Id*. It appears, however, that Plaintiff challenges the issuance and enforcement of a child support order entered by the Delaware County, Indiana Circuit Court in early 2015. *Id*. at PageID 77. Plaintiff contends, albeit in a conclusory manner, that the child support order issued in "complete disregard of evidence and fact." *Id*. at PageID 20.

Following issuance of the order, efforts have been made by either the Darke County CSEA,[2] or a similar agency in Indiana, to compel child support payments by Plaintiff. *Id*. at PageID 20-23. These efforts include: (1) the attempted garnishment of Plaintiff's wages in April 2015; (2) the initiation of contempt proceedings against Plaintiff in the Delaware County Circuit Court and his subsequent incarceration in July 2015; (3) the suspension of Plaintiff's driver's license in July 2015; and (4) Defendant Shiverdecker having sent Plaintiff notices in January 2020 and March 2020 advising him that he owed over $20,000 in child support. *Id*. at PageID 21-23.

## II.

Plaintiff now brings this suit *pro se*, asserting violations of his rights under the United States Constitution, seeking damages against Defendant, and requesting that the Court vacate the child support order issued against him. *Id*. at PageID 87. In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[2] It appears from the pleadings that Plaintiff's ex-wife is a resident of Darke County, Ohio. Doc. 1-1 at PageID 32.

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325.  A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor.  *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff").  However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.

At the outset, the undersigned notes that Plaintiff sues Defendant Shiverdecker in her official capacity.  Doc. 1-1 at PageID 6.  As a result, this suit is essentially one asserted against Defendant Shiverdecker's employer, the Darke County CSEA.  *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992) ("[A] section 1983 action against [an official] in his or her official capacity is treated as an action against the [public] entity itself").

Arguably, Plaintiff's claims against Defendant are subject to dismissal because: (1) this Court lacks of subject matter jurisdiction over the domestic relations matters at issue[3]; (2) the *Rooker-Feldman* doctrine bars some or all of Plaintiff's claims[4]; and (3) Eleventh Amendment sovereign immunity bars claims against the CSEA.[5]  The Court declines to make a finding regarding these issues here and, instead, recommends dismissal of the complaint under § 1915 because any potential § 1983 claim against Defendant -- arising from issuance of the child support order in early 2015, garnishment attempts in April 2015, Plaintiff's incarceration in July 2015, and/or the suspension of his driver's license in 2015 -- are barred by the two-year limitations period applicable to § 1983 claims in Ohio.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (finding that the "[t]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio" is two years).

Even if not time barred, Plaintiff's § 1983 claims must nevertheless be dismissed because he fails to plead sufficient facts that, if accepted as true, would state a facially plausible claim. *Johnson v. Ohio*, 166 F. Supp. 3d 931, 934 (S.D. Ohio 2016) (citing *Pegram v. Ohio Child Support Div.*, No. 1:14CV638, 2014 WL 5107599, at *6-7 (S.D. Ohio Oct. 10, 2014)).  Specifically, as a state government entity, the Darke County CSEA "may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability." *Harris v. Jan*, No. 3:05CV7370, 2005 WL 3483551, at *2 (N.D. Ohio Dec. 15, 2005) (citing

---

[3] "Federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003).

[4] Under the *Rooker-Feldman* doctrine, "federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct a state court judgment." *Danforth*, 76 F. App'x at 616 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

[5] "It is not as clear that a claim against [an Ohio county] Child Support Enforcement Agency would be barred by sovereign immunity." *Lawton v. State of Florida Dep't of Revenue*, No. 2:06-CV-01037, 2007 WL 641849, at *4 (S.D. Ohio Feb. 22, 2007), *report and recommendation adopted sub nom.*, 2007 WL 1072027 (S.D. Ohio Apr. 6, 2007).

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, government entities are only liable under § 1983 when a constitutional injury results from "execution of a government's policy or custom[.]" *Id*. (citation omitted). Here, Plaintiff fails to allege with any specificity a custom or policy of the Darke County CSEA that resulted in the deprivation of his constitutional rights. *Johnson*, 166 F. Supp. 3d at 934; *see also Pegram*, 2014 WL 5107599 at *6-7.

## IV.

Accordingly, based on all of the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's complaint be **DISMISSED**; (2) service of process not issue; (3) this case be **TERMINATED** on the Court's docket; and (4) the Court **CERTIFY** that an appeal of an Order adopting this Report and Recommendation would be frivolous and not taken in good faith and, therefore, that Plaintiff be **DENIED** *in forma pauperis* status on any appeal.


Date:  May 20, 2020                                    s/ Michael J. Newman
                                                       Michael J. Newman
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).